Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle _____ District of Florida

Jacksonville Division

Shaquan Roshawn Johnson - DC # C07844

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

–v–

See Attachment A

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:24-cv-477-mmH-PDB

*(to be filled in by the Clerk's Office)*

Legal Mail
Provided to Florida State Prison on
5-8-24 for mailing by CO

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                          Shaquan Rashawn Johnson

All other names by which
you have been known:                          Prime Minister

ID Number                                     C07844

Current Institution                           Florida State Prison

Address                                       P.O. Box 800

                                              Raiford                    Florida        32083
                                              *City*                     *State*        *Zip Code*

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                                          C. Neel

Job or Title *(if known)*                     Secretary's Representative

Shield Number

Employer                                      Florida Department of Corrections

Address                                       501 South Calhoun Street

                                              Tallahassee                Florida        32399
                                              *City*                     *State*        *Zip Code*

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

Name                                          C. Burnett

Job or Title *(if known)*                     Lieutenant

Shield Number

Employer                                      Florida Department of Corrections

Address                                       Florida State Prison, P.O. Box 800

                                              Raiford                    Florida        32083
                                              *City*                     *State*        *Zip Code*

☑ Individual capacity    ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

    Name                    Nunes

    Job or Title *(if known)*   Inspector General

    Shield Number

    Employer           Florida Department of Corrections

    Address             501 South Calhoun Street

                       Tallahassee      Florida      32399

                               *City*          *State*        *Zip Code*

                [✓] Individual capacity    [✓] Official capacity

Defendant No. 4

    Name                    Reibl

    Job or Title *(if known)*   Inspector General

    Shield Number

    Employer           Florida Department of Corrections

    Address             501 South Calhoun Street

                       Tallahassee      Florida      32399

                               *City*          *State*        *Zip Code*

                [✓] Individual capacity    [✓] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     [ ]   Federal officials (a *Bivens* claim)

     [✓]   State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

     See Attachment C

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*Each defendant acted under color of state or local law as explained in Attachment D.*

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

*See Attachment D*

C.      What date and approximate time did the events giving rise to your claim(s) occur?

See Attachment D

D.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See Attachment D

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See Attachment E

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See Attachment Y

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Florida State Prison, P.O. Box 800, Raiford, Florida 32083

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All claims!

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.     If you did file a grievance:

1.   Where did you file the grievance?

At the Institutional level and at the Secretary's Office of D.O.C. as well

2.   What did you claim in your grievance?

I claimed the same allegations set forth in my complaint

3.   What was the result, if any?

No known results that I am aware of.

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

I requested Administrative remedy all the way to the Secretary's office

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I also sought Administrative remedy to the office of the Governor as well

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.     If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     _____

3.   Docket or index number
     _____

4.   Name of Judge assigned to your case
     _____

5.   Approximate date of filing lawsuit
     _____

6.   Is the case still pending?
     ☐ Yes
     ☐ No
     If no, give the approximate date of disposition. _____

7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*
     _____

C.     Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Shaquan R. Johnson - DC # C07844
   Defendant(s) Sergeant Lance Moore and Arthur Riegal

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States District Court for the Middle District of Florida

3. Docket or index number
   3:19-cv-612-J-32PDB

4. Name of Judge assigned to your case
   Patricia D. Barksdale, Brian J. Davis, and Timothy J. Corrigan

5. Approximate date of filing lawsuit
   May 23rd, 2019

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition   October 07 2020

7. What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

   Settlement

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    04/25/24

Signature of Plaintiff      *Shaquna Johnson*

Printed Name of Plaintiff    Shaquna Johnson

Prison Identification #      DC# C07844

Prison Address        Florida State Prison, P.O. Box 800

Raiford                Florida        32083
            *City*                *State*        *Zip Code*

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney      _____

Printed Name of Attorney    _____

Bar Number          _____

Name of Law Firm      _____

Address            _____

_____
            *City*                *State*        *Zip Code*

Telephone Number      _____

E-mail Address        _____

∾ Attachment A ∾

1. C. Neel, Secretary's Representative
2. L. Thompson, Grievance Coordinator
3. A. McGregor, Grievance Coordinator
4. D. Harcula, Sergeant
5. J. Birdsong, Lieutenant
6. C. Burnett, Lieutenant
7. McKenny, First Shift Lieutenant
8. H. Moss, Classification Officer
9. E. Hardin, Sergeant
10. Nunes, Inspector General
11. Riebl, Inspector General
12. D. Allen, Warden
13. A. Johns, Secretary's Representative
14. D. Robinson, Correctional Officer

∾ page. One ∾

∽ Attachment B ∽

Defendant No.5 (sued individually and officially)
Name: A. McGregor
Job or title: Grievance Coordinator
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.6 (sued individually and officially)
Name: L. Thompson
Job or title: Grievance Coordinator
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.7 (sued individually and officially)
Name: D. Harcula
Job or title: Sergeant
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.8 (sued individually and officially)
Name: D. Robinson
Job or title: Correctional Officer
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.9 (sued in official capacity)
Name: H. Moss
Job or title: Classification Officer
Employer: Florida Depart. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.10 (sued individually and officially)
Name: J. Birdsong
Job or title: Lieutenant
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.11 (sued individually and officially)
Name: E. Hardin
Job or title: Sergeant
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

Defendant No.12 (sued individually and officially)
Name: Mckenny
Job or title: First Shift Lieutenant
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
Raiford, Florida 32083

∽ page. One ∽

Defendant No. 13 (sued individually and officially)
Name: D. Allen
Job or title: Warden
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
         Raiford, Florida 32083

Defendant No. 14 (sued individually and officially)
Name: A. Johns
Job or title: Secretary's Representative
Employer: Florida Dept. of Corrections
Address: Florida State Prison, P.O. Box 800
         Raiford, Florida 32083

~ Page Two ~

∞ Attachment C ∞

## STATEMENT OF CLAIMS FOR RELIEF:

#1. Plaintiff asserts that the actions of the defendants J. Birdsong, H. Moss, D. Harcula, D. Allen, and C. Neel by denying him of the opportunity to be present at his disciplinary hearing, finding him guilty of the disciplinary report without evidence, denying his disciplinary report appeals, and upholding his disciplinary report conviction, all denied his due process of law in violation of his Fourteenth Amendment Right to the United States Constitution.

#2. Plaintiff asserts that the actions of the defendants Inspector General Nunes, Inspector General Riehl, Lt. McKenny, L. Thompson, A. McGregor, C. Neel, D. Allen, and A. Johns by failing to report his complaints of staff abuse to the proper Administration for further investigation and failing to ensure that the proper steps was taken to protect him from staff abuse constituted of deliberate indifferences to his personal safety and contributed to and proximately caused the violations of his Eight Amendment Rights to be free from cruel an unusual punishment.

#3. Plaintiff asserts that the actions of the defendants D. Harcula and D. Robinson by constantly depriving him of his food was done maliciously and sadistically and constituted of cruel an unusual punishment in violation of his Eight Amendment Right to the United States Constitution.

#4. Plaintiff asserts that the actions of the defendants J. Birdsong and C. Burnett by spraying him with chemical agents without need or provocation was excessive use of force and was done maliciously and sadistically and constituted of cruel an unusual punishment in violation of his Eight Amendment Right to the United States Constitution.

∞ page. One ∞

#5. Plaintiff asserts that the actions of the defendants I. Birdsong, C. Burnett, and E. Hardin by depriving him of all his state issued clothing, depriving him of his state issued linens, depriving him of his state issued mattress, housing him in a cell with no bunk or proper lighting, and leaving him to sleep on the dirty concrete floor in just a pair of boxers without fresh air, was ~~done~~ all done maliciously and sadistically and constituted of cruel an unusual punishment in violation of his Eight Amendment Right to the United States Constitution.

#6. Plaintiff asserts that the actions of the defendant D. Harcula by physically assaulting him for exercising his right to the grievance process violates his First Amendment Right to the United States Constitution and violates his Eight Amendment Right to the United States Constitution.

∾ Attachment D ∾

## UNDERLYING FACTORS :

#1. Plaintiff asserts that he is currently the Prime Minister of the M.O.P. (Minorities Overthrowing Prisons) organization, which is a society within a society that was founded to shed light on the corruption in the Florida prison system and to promote peace, along with self betterment on behalf of all inmates.

#2. Plaintiff asserts that due to this revolutionary and political stance he has declared against the Florida prison system, he is constantly being targeted by prison officials at every facility he is transfered to due to his known reputation as a litigator or as prison officials refer to as a "writ writer."

#3. Plaintiff asserts that he has not only been stabbed multiple times and almost tasered to death by prison officials. But he has also been attacked by another inmate on behalf of prison officials and for each one of these incidents prison officials denied him medical attention in an attempt to cover up for these deadly attacks that is being inflicted upon him for promoting his cause.

#4. Plaintiff asserts that he has requested to be placed on protective management status on numerous occasions out of fear for his life and prison officials has completely disregarded his requests, which is only subjecting him to further mistreatment by staff members.

#5. Plaintiff asserts that he has only been housed here at Florida State Prison since 04/07/23 and prison officials has not only already utilized force on him on six seperate occasions. But has also constantly been throwing him in confinement based off false disciplinary reports, denying him of his meals, depriving him of his personal property, tampering with his mail, and forcing him to sleep on the hard steel bunk or on the dirty concrete

∾ page. One ∾

floor in just a pair of boxers with no clothing or linens to keep warm even in the cold winter season, and denying him medical attention.

#6. Plaintiff asserts that he has filed numerous grievances in regards to these issues he is currently experiencing and the grievance coordinators, along with the Secretary's Representatives has been failing to process his complaints or completely disregarding his complaints, which is only giving prison officials the opportunity to continue to treat him in a cruel an unusual manner.

#7. Plaintiff asserts that he has also attempted to notify numerous authorities of these issues he is currently experiencing via mail and strangely his letters at times are not reaching it's destination.

#8. Plaintiff asserts that he has recently filed a 1983 Complaint within this court for some of these same issues he is currently experiencing with certain prison officials here at the facility and now he is filing this second complaint as this is his only means of recieving some type of justice from the way he is currently being violated of his rights as an inmate.

## STATEMENT OF FACTS

#9. Plaintiff asserts that on 02/08/24, anywhere between 11:30am - 1:45pm he stopped the Defendant Sgt. E. Hardin at his assigned cell and informed him that he had a medical emergency because he was experiencing severe abdominal pain.

#10. Plaintiff asserts that the Defendant Sgt. E. Hardin informed him that he was going to contact medical before he walked off from his cell and returned moments later where he stated to him "Medical said you're going to have to put in a sick call because abdominal pain is not a medical emergency."

page: Two

#11. Plaintiff asserts that he told the Defendant Sgt. E. Hardin that it literally felt like he was about to die and that he would rather commit suicide before he died in such suffering condition.

#12. Plaintiff asserts that he was then removed from his cell due to his suicidal comments and secured in the shower to speak with the Mental Health Professional, Mr. Smith, who he informed of his medical condition.

#13. Plaintiff asserts that the Mr. Smith informed that he was going to notify medical of his medical condition before the Defendant Sgt. E. Hardin entered the shower and attempted to escort him back to his cell.

## A. DENIAL OF ADEQUATE MEDICAL ATTENTION:

#14. Plaintiff asserts that he informed the Defendant Sgt. E. Hardin that his medical condition was worsening and that he was unable to walk back to his cell.

#15. Plaintiff asserts that the Defendant Lt. J. Birdsong then entered the shower and denied him adequate medical attention by stating to him "I don't give a fuck what's wrong with you, it's either you're going to walk back to your cell or I'm going to drag you back to your cell" before he roughly escorted him back to his cell without him ever recieving any medical attention.

#16. Plaintiff asserts that once secured back into his cell, the Defendant Lt. J. Birdsong then stated to him "I hope your ass die so we don't have to worry about you filing all those grievances" before he walked off from his cell.

#17. Plaintiff asserts that the next day, 02/09/24, anywhere between 8:30am-10:00am, he once again stopped the Defendant Sgt. E. Hardin at his assigned

* page Three *

cell and informed him that he had a psychological emergency due to his medical condition.

#18. Plaintiff asserts that the Defendant Sgt. E. Hardin then attempted to bribe him to engage in sexual acts with him by stating that he would only contact medical or mental health if he "showed him something."

#19. Plaintiff asserts that he told the Defendant Sgt. E. Hardin that he was not going to entertain his perverted mind like other inmates and the Defendant Sgt. E. Hardin replied by stating "I was going to call mental health for you since you don't give me any problems. But now I'm about to put you on camera since I have a perverted mind state" before he walked off from his cell.

#20. Plaintiff asserts that moments later the Defendant Lt. J. Birdsong then appeared at his cell and he explained to him that the Defendant Sgt. E. Hardin was refusing to contact medical about his psychological emergency because he did not want to engage in sexual acts with him.

B. EXCESSIVE USE OF FORCE:

#21. Plaintiff asserts that the Defendant Lt. J. Birdsong then replied by stating "I'm not coming down here everyday to deal with whatever problems you and Sgt. Hardin got going on. I'm about to put your ass on camera and you can go file your grievances like you always do" before he instructed officers to spray him with chemical agents.

C. DEPRIVATION OF COMFORT ITEMS:

#22. Plaintiff asserts that he was then escorted for a decontaminated shower and was seen by medical before he was placed back into his cell in just a pair of boxers with no clothing or linens to keep warm in the

~ page. four ~

Cold weather.

#23 Plaintiff asserts that the next day, 02/10/24, anywhere between 12:00pm-3:00pm, he stopped the Defendant Sgt. E. Hardin at his cell and informed him that he still had not recieved any blues, linens, jacket, or pillow since being sprayed with chemical agents the day before.

#24. Plaintiff asserts that the Defendant Sgt. E. Hardin replied by stating "Lt. Birdsong placed you on property restriction"

#25. Plaintiff asserts that he told the Defendant Sgt. E. Hardin that there was no reason why he was placed on property restriction because at no time did he misuse his property and the Defendant Sgt. E. Hardin replied by stating "I would have helped you get your stuff back if you didn't say the things you said on camera yesterday. But now I'm not helping you get anything" before he walked off from his cell.

D RETALLIATION AND EXCESSIVE USE OF FORCE:

#26. Plaintiff asserts that the Defendant Lt. C. Burnett then appeared at his cell moments later and informed him to pack his property to be rehoused on another wing because the Defendant Sgt. E. Hardin claimed that he was refusing to relinquish the cutting port.

#27. Plaintiff asserts that he informed the Defendant Lt. C. Burnett that at no time did he refuse to relinquish the cutting port and that the Defendant Sgt. E. Hardin was only claiming that he had refused to relinquish the cutting port out of retalliation from the incident the day before.

#28. Plaintiff asserts that the Defendant Lt. C. Burnett replied by stating "Regardless of what the case may be, you're moving to another wing" before he instructed officers to spray him with chemical agents and lied on camera by claiming

~ page. five ~#

that he was refusing to be ~~re~~ rehoused.

#29. Plaintiff asserts that he was then taken for a decontaminated shower and was seen by medical where he made it verbally clear that he had thoughts of committing suicide once back into his cell.

E. FURTHER DEPRIVATION OF HEALTH AND COMFORT ITEMS:

#30. Plaintiff asserts that instead of having him placed on self harm observation status to ensure that he didn't follow through with his suicidal ideology, the Defendant Lt. C. Burnett then had officers strap him down to a restraint chair before he was rehoused on B-wing in a max management cell with no clothing, no linens, no mattress, no bunk, no light, no desk, and the window didn't open or close for him to recieve fresh air.

#31. Plaintiff asserts that the Defendant Sgt. D. Horcula then entered the cell to remove the restraint devices and began to make threats to retaliate on him later on that night for pissing off the Defendant Lt. C. Burnett.

F. RETALLIATION AND DEPRIVATION OF FOOD:

#32. Plaintiff asserts that the Defendant Sgt. Horcula then retaliated on him by depriving him of his breakfast meals on 02/11/24 and 02/12/24 on behalf of the Defendant Lt. C. Burnett.

G. DELIBERATE INDIFFERENCES:

#33. Plaintiff asserts that he filed numerous grievances in regards to each incident that took place on 02/08/24, 02/09/24, 02/10/24, 02/11/24, and 02/12/24 and the Defendants C. Neel, A. McGregor, and L. Thompson all showed deliberate indifferences to his personal safety by failing to report or process his complaints, which inevitably subjected him to further retaliation.

on page Six on

H. FURTHER RETALIATION AND DEPRIVATION OF FOOD:

#34. Plaintiff asserts that on 02/18/24 the Defendant Sgt. D. Harcula once again deprived him of his breakfast meal by placing an empty tray into the food port and stated to him "Don't you see those grievances you've been writing isn't helping you because if it was I would have already gotten into some type of trouble from the last two times I didn't feed you on camera" before he walked off from his cell without ever collecting the empty tray out the food port.

#35. Plaintiff asserts that on 02/19/24 the Defendants Sgt. D. Harcula and Ofc. D. Robinson denied him ~~to~~ of his breakfast meal by never opening the food port and the Defendant Sgt. D. Harcula stated to him "The more you file grievances, the more we're going to continue to starve you until you #~~stop~~ stop filing grievances" before he walked off from his cell.

#36. Plaintiff asserts that on 02/20/24 the Defendant Sgt. D. Harcula once again deprived him of his breakfast meal and stated to him "That PREA grievance you filed on me only made things worst because I swear if you ever have a callout while I'm at work I'm going to come in that cell and break your fucking neck" before he walked off from his cell.

I. FURTHER DELIBERATE INDIFFERENCES:

#37. Plaintiff asserts that he once again filed numerous grievances in regards to each incident that took place on 02/18/24, 02/19/24, and 02/20/24 and the Defendants C. Neel, A. McGregor, L. Thompson, and A. Johns once again showed deliberately indifferences to his personal safety by failing to report or process his complaints to ensure that he was no longer being treated in a cruel an unusual manner by staff.

J. DENIAL OF DUE PROCESS:

∞ page. Seven ∞

#38. Plaintiff asserts that on 02/20/24 he recieved a disciplinary hearing worksheet in the mail where the Defendants H. Moss and Lt. S. Birdsong ~~have the~~ falsified documents by claiming that he had refused to attend the disciplinary hearing that was held on 02/19/24 from the incident on 02/10/24 and that he had also refused to sign a refusal to appear.

#39. Plaintiff asserts that he filed a grievance of appeal pointing out the fact that he never refused to attend the hearing or refused to sign a waiver and that ~~~~ the Defendant Sgt. D. Harcula only claimed that he had refused out of retaliation for the grievances he had been filing against him.

#40 Plaintiff asserts that the Defendants D. Allen and C. Neel both denied his DR appeals without ever reviewing the cameras to see that the Defendant Sgt. D. Harcula really indeed had never asked him if he had wanted to attend the disciplinary hearing on 02/19/24.

K. FURTHER RETALLIATION AND DEPRIVATION OF FOOD:

#41. Plaintiff asserts that on 02/24/24 he stopped the Defendant Lt. C. Burnett at his assigned cell and informed him that eversince he had housed him on B-wing the Defendant Sgt. D. Harcula had constantly been depriving him of his breakfast meals by claiming that he was doing it on his behalf.

#42. Plaintiff asserts that the Defendant Lt. C. Burnett replied by stating "Why you think I specifically moved you over here to B-wing instead of C-wing because I don't have to get to you personally, I have enough staff members that will get to you for me and all those grievances you keep filing all going in my trash can" before he walked off from his cell.

#43. Plaintiff asserts that on 02/24/24 - 02/27/24 the Defendants D. Harcula and D. Robinson once again deprived him of his breakfast meals by placing empty trays into the food port on each one of these days.

~ page. Eight ~

#44. Plaintiff asserts that on 02/24/24 in particular the Defendant Sgt. D. Harcula made threats to have him stabbed by one of the inmates that worked the wing and on 02/27/24 in particular the Defendant Sgt. D. Harcula attempted to bribe him to engage in sexual acts with him in exchange for his trays.

L. FURTHER DELIBERATE INDIFFERENCES:

#45. Plaintiff asserts that on 02/26/24 and on 02/27/24 he informed the Defendant Lt. Mckenny that the Defendant Sgt. D. Harcula still had not been feeding him his breakfast meals as he had previously informed him.

#46. Plaintiff asserts that the Defendant Lt. Mckenny showed deliberate indifferences once again by failing to intervene and failing to take the proper steps to ensure that he was no longer being deprived of his food by the Defendant Sgt. D. Harcula.

#47. Plaintiff asserts that he once again filed numerous grievances in regards to each incident that took place on 02/24/24 - 02/27/24 and the Defendants C. Neel, A. Johns, L. Thompson, and A. McGregor once again showed deliberate indifferences to his personal safety by failing to process or report his complaints to curve the staff abuse he was experiencing, which once again subjected him to further retaliation.

M. FURTHER DEPRIVATION OF FOOD:

#48. Plaintiff asserts that on 03/01/24 - 03/05/24 the Defendants Sgt. D. Harcula and Sc. D. Robinson once again deprived him of all his breakfast meals by placing empty trays into the food port on each one of these days.

#49. Plaintiff asserts that on 03/02/04 in particular the Defendant Sgt. D. Harcula jokingly stated to him that he was going to start feeding him when he sucked his dick and on 03/03/24 the Defendant Sgt. D. Harcula made

⟨∞⟩ page. Nine ⟨∞⟩

threats to do him like he did the inmate that was found dead inside of his cell on 03/01/24 on B-wing at Florida State Prison.

N. FURTHER DELIBERATE INDIFFERENCES:

#50. Plaintiff asserts that he once again filed numerous grievances in regards to each incident that took place on 02/01/24 - 03/05/24 and the Defendants C. Neel, A. McGregor, A. Johns, and L. Thompson once again showed deliberate indifferences to his personal safety by failing to process or report his complaint when it was clear that his life was at a substantial risk of personal injury.

#51. Plaintiff asserts that on 03/08/24 he aslo informed the Defendant D. Allen of the way he was being mistreated by the Defendant Sgt. D. Harcula and the Defendant D. Allen showed deliberate indifferences by failing to thoroughly investigate into his complaint as he claimed he would, which inevitably subjected him to ~~further~~ further retaliation.

O. FURTHER RETALIATION AND DEPRIVATION OF FOOD:

#52. Plaintiff asserts that on 03/09/24 the Defendant Sgt. D. Harcula once again deprived him of his breakfast meal by placing an empty tray into the food port and stated to him "I heard you told the Warden I was bucking you on your trays as if the Warden is going to do something about it. Why you think I'm still working around you even after you filed PREA on me because no one cares wether you live or die" before he walked off from his cell.

#53. Plaintiff that he ~~filed~~ filed a grievance in regards to the incident on 03/09/24 and the Secretary's Representative D. Bass returned his grievance in holding that "The Subject of your grievance was previously refered to the Office of the Inspector General"

~ page. Ten ~

P. FURTHER DELIBERATE INDIFFERENCES:

#54. Plaintiff asserts that on 03/12/24 he was finally interviewed by the Defendants Inspector General Nunes, along with Inspector General Riebl who he both informed about the fact that the Defendant Sgt. D. Harcula had constantly been depriving him of his food and sexually harassing him.

#55. Plaintiff asserts that the Defendants Inspector General Riebl and Inspector General Nunes both showed deliberate indifferences to his personal safety by failing to provide him with any type of protection, pending thier investigation, which only gave the Defendant Sgt. D. Harcula the oppertunity to continue to retaliate on him.

Q. FURTHER RETALIATION AND DEPRIVATION OF FOOD:

#56. Plaintiff asserts that on 03/17/24 the Defendants Sgt. D. Harcula and Mc. D. Robinson once again deprived him of his breakfast meal by placing a dead mice in the guts of his breakfast meal.

#57. Plaintiff further asserts that on 03/18/24 the Defendant Sgt. D. Harcula opened the food port and when he placed his hands into the food port, the Defendant Sgt. D. Harcula repeatedly slammed the food port down on his left hand, forcing him to remove his hand from inside the food port before he stated to him "That's for those PREA grievances you filed on me fuckboy".

#58. Plaintiff asserts that he declared a medical emergency because his left hand appeared to be severly damaged from being slammed into the food port and the Defendant Sgt. D. Harcula refused to notify medical in an attempt to cover up for his actions.

on page Eleven on

R. FURTHER DELIBERATE INDIFFERENCES:

#59. Plaintiff asserts that he filed numerous grievances in regards to both incidents that took place on 03/17/24 and ~~incident~~ on 03/18/24 and the Defendants C. Neel, A. Johns, A. McGregor, and I. Thompson all once again showed deliberate indifferences to his personal safety by failing to report or process his complaint to curve the cruel an unusual punishment he was constantly being subjected to by the hands of the Defendant Sgt. D. Harcula.

#60. Plaintiff asserts that he is now being forced to go without eating his meals at ~~the~~ dinner time and at breakfast time because the Defendants D. Robinson and Sgt. D. Harcula are both working on B-wing on the 4:30pm -12:30am shift and on the 12:30am-8:30am shift.

#61. Plaintiff further asserts that he is also being deprived of the liberty to attend showers and shaves out of fear that the Defendants Sgt. D. Harcula is going to attack him or have officers attack him as he said he would.

#62. Plaintiff asserts that he has filed numerous informal grievances to the Colonel about his fear of staff as he was instructed to do by the Secretary's Representative D. Bass and still no action has been initiated ~~ed~~ on his behalf.

#63. Plaintiff asserts that he is now concerned ~~that~~ that the Defendants set forth in this complaint is going to attempt to retaliate for filing this complaint and is also going to attempt to hinder his access to this court to prevent him from further litigating against staff members here at the facility for the way he is constantly being mistreated as an inmate.

No page. Twelve No

~ Attachment E ~

## INJURIES SUSTAINED:

#1. Plaintiff asserts that he suffered from physical injuries in the form of weight lost from being deprived of the food that his body required to sustain his physical existence (No treatment provided).

#2. Plaintiff asserts that he suffered from physical injuries from having his left hand slammed into the cutting port and is now unable to utilize his left hand to perform his daily activities (Motrin provided for pain and currently awaiting an x-ray exam).

#3. Plaintiff asserts that he suffered from physical injuries in the form of rospitory distress and severe chest pain from constantly being sprayed with chemical agents (Vital signs check).

#4. Plaintiff asserts that he suffered from physical injuries in the form of severe back pain from having to sleep on the hard concrete floor and may suffer from permanet back injuries in the future (No treatment provided as this time).

#5. Plaintiff asserts that he suffered from physical injuries in the form of lost of liberty from being denied of his due process (No treatment can be provided to replace the time Plaintiff was deprived of the liberty to purchase commissary, communicate with his loved ones via telephone, possess his personal property, and participate in educational programs).

#6. Plaintiff asserts that he suffered from mental and emotional injuries from being humiliated when he was deprived of all his clothing, deprived of all his linens, and forced to sleep on the dirty concrete floor in just a pair of boxers during the cold winter season (No treatment can be provided for Post traumatic Stress Disorder).

~ page One ~

(~) Attachment 4 (~)

Wherefore, Plaintiff requests that the court grant the following relief:

A. Issue An Injunction for the Defendants C. Neel and D. Allen to:

#1. Overturn the disciplinary report log# 205-240302 and restore all adversities.

B. Issue An Injunction for the Defendants C. Neel, A. McGregor, L. Thompson, and A. Johns to:

#2. Ensure that all his grievances of ~~........~~ staff abuse is processed and reported to the proper Administration for further investigation.

C. Issue An Injunction for the Defendants C. Neel, A. Johns, and D. Allen to:

#3. Ensure that he is no longer being reprised against for exercising his right to the grievance process and that staff members be subjected to disciplinary action for reprising against him for exercising his right to file grievances within the boundaries of the prison enviornment.

D. Award Plaintiff Compensatory Damages in the Amount of:

#4. $20,000.oo Jointly and severally against the Defendants D. Harcula and D. Robinson for the wieght lost Plaintiff sustained by thier actions of depriving him of ~~his~~ food, which is a basic need of human survival.

#5. $10,000.oo against the Defendant D. Harcula for the physical injuries he caused Plaintiff by slamming his hand into the cuffing, which was force used to maliceously and sadistically cause harm upon Plaintiff

(~) page. One (~)

#6. $20,000.00 Jointly and severally against the Defendants C. Neel, A. Johns, D. Allen, L. Thompson, A. McGregor, Lt. Mckenny, Inspector General Nunes, and Inspector General Riebl for the mental, emotional, and physical injuries Plaintiff sustained by thier failure to ensure that the proper steps was taken to protect him from staff abuse.

#7. $20,000.00 Jointly and severally against the Defendant J. Birdsong and C. Burnett for the mental, emotional, and physical pain Plaintiff sustained from thier actions of spraying him with chemical agents without need or provocation.

#8. $20,000.00 Jointly and severally against the Defendants J. Birdson, C. Burnett, and E. Hardd for the mental, emotional, and physical pain Plaintiff sustained by thier actions of depriving him (of) all his clothing, linens, and leaving him to sleep in just a pair of boxers in the cold winter season on the dirty concrete floor.

#9. $10,000.00 Jointly and severally against the Defendants J. Birdsong, D. Horcula, H. Moss, C. Neel, and D. Allen for the lost of liberty Plaintiff sustained by thier denial of his due process rights.

E. Award Plaintiff Punitive Damages in the Amount of:

#10. $20,000.00 seperately against the Defendants D. Horcula and D. Robinson for thier evil intentions (to inflict harm upon Plaintiff by depriving him of his food.

#11. $20,000.00 seperately against the Defendants C. Neel, A. Johns, D. Allen, L. Thompson, A. McGregor, Lt. Mckenny, Inspector General Nunes and Inspector General Riebl for thier reckless indifferences to Plaintiff's personal safety to be free from cruel an unusual punishment.

(On page Two +)

12. $10,000.00 against the Defendant D. Harcula for his evil intentions to cause harm upon Plaintiff by slamming his hand into the cutting port.

13. $10,000.00 seperately against the Defendants D. Harcula, D. Allen, C. Neel, H. Moss, and J. Birdsong for thier reckless indifferences to Plaintiff's due process rights.

14. $20,000.00 seperately against the Defendant J. Birdsong and C. Burnett for thier evil intentions to cause harm upon Plaintiff by spraying him with chemical agents without need or provocation.

15. $20,000.00 seperately against the Defendants J. Birdsong, C. Burnett, and E. Hardin for thier evil intensions to inflict pain and suffering upon Plaintiff by depriving him of all his clothing, linens, and leaving him to sleep on the dirty concrete floor in just a pair of boxers during the cold winter season.

4. Award Plaintiff Nominal Damages in the Amount of:

16. $20,000.00 ~~and by~~ against the Defendants D. Harcula and D. Robinson for violating Plaintiff's Eight Amendment right by depriving him of his food, which was cruel an unusual punishment.

17. $20,000.00 ~~against~~ against the Defendants J. Birdsong and C. Burnett for violating Plaintiff's Eight Amendment Right by thier excecessive use of force, which was cruel an unusual punishment.

~~$10 ~~

18. $10,000.00 against the Defendant D. Harcula for violating Plaintiff's First and Eight Amendment Right by slamming Plaintiff's hand into the food/cutting port for exercising his right to the grievance process.

∼ page. Three ∼

which was cruel an ~~unusual~~ unusual punishment.

#19. $20,000.00 ~~against~~ against the Defendants J. Birdsong, C. Burnett, and E. Hardin for violating Plaintiff's Eight Amendment Right by depriving him of all his clothing, linens, and leaving him to sleep on the dirty concrete floor in just a pair of boxers during the cold winter season, which was cruel an unusual punishment.

#20. $10,000.00 against the Defendants C. Neel, D. Allen, D. Horcula, H. Moss, and J. Birdsong ~~was~~ for violating Plaintiff's Fourteenth Amendment Right by thier denial of his due process

#21. $20,000.00 against the Defendants C. Neel, A. Johns, D. Allen, L. Thompson, A. McGregor, Lt. McKenny, Inspector General Nunes and Inspector General Richt for violating Plaintiff's Eight Amendment Right by thier deliberate indifferences to protect him Cruel an unusual punishment.

G. Plaintiff would respectfully ask for "Trial by Jury" if there's no relief in terms of settlement

~ Attachment G ~

Additional Lawsuits:

# 1. Parties to previous lawsuit:
Plaintiff(s) Shaquon R. Johnson - DC#C07844
Defendant(s) C. Neel, Ron Desantis, D. Davis, D. Wendroff, J. Hunt,
A. Palmer, A. McGregor, L. Thompson, A. Winningham, H. Moss, A. Lewis,
L. Owens, P. Brooks, J. Bieghley, Howard, Tanner, D. Glover, V. Gaetano,
B. Jay, and D. Allen

# 2. Court: United States District Court for the Middle District of Florida

# 3. Docket or index number: 3:23-CV-802-MMH-IBT

# 4. Name of Judge assigned to your case: Marcia Morales Howard and Joel B. Toomey

# 5. Approximate date of filing: July 10th, 2023

# 6. Is this case still pending?: Yes