United States District Court
Middle District of Florida
Jacksonville Division

**SHAQUON RASHAWN JOHNSON,**

        *Plaintiff,*

v.                              **Case No. 3:24-cv-477-MMH-PDB**

**C. NEEL ET AL.,**

        *Defendants.*

---

# Order

The plaintiff, an inmate proceeding without a lawyer and as a pauper, sues fourteen defendants in their individual and official capacities. Doc. 1 at 12–14. He complains about alleged events between February 8 and March 18, 2024. He alleges that, during that time, the defendants denied him medical care, used excessive force, threatened him, denied him meals in retaliation for submitting grievances, and issued a false disciplinary report. Doc. 1 at 15–28. He demands injunctive relief and damages. Doc. 1 at 29–33.

A court must construe a pleading drafted by a litigant without a lawyer liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean excusing noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

A court "shall" dismiss an action by a plaintiff proceeding as a pauper if at any time the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.*

Instead, a complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoted authority omitted). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the alleged facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

When applying the standard, a court should undertake a "two-pronged approach." *Id.* First, the court should identify and disregard legal conclusions that are not entitled to the assumption of truth. *Id.* Second, the court should identify and assume the truth of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A court should "freely give leave" to a plaintiff to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a). Generally, if a more carefully drafted complaint might state a claim, a court abuses its discretion if it does not provide a plaintiff without a lawyer at least one opportunity to amend before dismissal with prejudice unless doing so would be futile because a more carefully drafted complaint still could not state a claim or the plaintiff indicates an absence of desire to amend. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Section 1983 of Title 42 of the United States Code provides a federal cause of action against any "person" who, acting under the color of state law, deprives another of a federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and quoted authority omitted). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right[.]" *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Here, the plaintiff's complaint is deficient in three ways.

First, the plaintiff attempts to bring unrelated claims. For example, he alleges defendants Sergeant Hardin and Lieutenant Birdsong denied him medical care and used excessive force between February 8 and 10, 2024. But he also alleges that defendant Sergeant Harcula denied him meals and assaulted him in retaliation for submitting unrelated grievances. The plaintiff must bring only related claims. He may not join unrelated claims unless the claims arise "out of the same transaction, occurrence, or series of transactions

or occurrences" and if "any question of law or fact common to all defendants will arise in the action." He may file a separate civil rights case for claims unrelated to the claims he pursues in this action.

Second, the plaintiff sues the defendants in their individual and official capacities. But "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted). Thus, suing each defendant in his or her official capacity is the equivalent of suing the Florida Department of Corrections. Not only is it duplicative to sue each defendant in their official capacity, but the plaintiff also does not allege that a policy, custom, or practice of the FDOC was the "moving force" behind any alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978) (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation).

Third, the plaintiff sues defendants C. Neel, A. Johns, L. Thompson, and A McGregor merely because they denied his grievance appeals and failed to "report" or process his grievances. Generally speaking, simply denying a grievance or failing to properly process a grievance, without more, does not render one liable for the underlying constitutional violation. *See Jones v. Eckloff*, No. 2:12-cv-375-FTM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)); *see also Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) (finding the district court did not err in dismissing

the plaintiff's claim that the defendants "had violated his constitutional due-process rights by failing to take corrective action during the appeal of the suspension of his visitation privileges [b]ecause the prison grievance procedure does not create a protected liberty interest").

If the plaintiff wishes to proceed, he must file an amended complaint that complies with the following requirements.

(1)   The amended complaint must be on a civil rights complaint form.

(2)   The amended complaint must be marked as "Amended Complaint."

(3)   The amended complaint must state the full name of each defendant (to the extent the plaintiff knows the full name) in both the case caption and the listing of "Parties to This Complaint" in § I.B. The plaintiff must ensure that the caption matches the list of parties.

(4)   The amended complaint or a separate filing must provide a current address for each defendant.

(5)   The amended complaint must allege facts about each defendant that make a claim against that particular defendant plausible. A legal conclusion does not suffice. An example of a factual allegation is, "The light was red." An example of a legal conclusion is, "The defendant was negligent."

(6)   The amended complaint must allege facts that connect each defendant to the alleged injury.

(7)   The amended complaint must be signed and dated after this statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing an amended complaint, the plaintiff must ensure his factual allegations are true and he has not knowingly made a false factual allegation. He must neither exaggerate nor distort any fact; instead, he must truthfully allege the facts underlying his claims. Knowingly making a false material declaration violates 18 U.S.C. § 1623 and is punishable by a fine, imprisonment, or both.

The Court **directs** the clerk to send the plaintiff a civil rights complaint form (AO Pro Se 14 (Rev. 12/16)). The plaintiff must mail the completed form to the clerk by **October 18, 2024**. Failure to comply with this order may result in dismissal of the action.

**Ordered** in Jacksonville, Florida, on September 18, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Shaquon Rashawn Johnson, #C07844

6