JACKSONVILLE DIVISION

SHAQUON R. JOHNSON, DC#C01844
  Plaintiff,

Vs.

CASE No. 3:24-cv-477-MMH-PDB

C. NEEL, et al.,
  Defendants.
_____/

## MOTION TO VACATE, SET ASIDE, OR CORRECT ERROR OF JUDGEMENT

Comes Now, the Plaintiff, Shaquon R. Johnson, acting pro'se, Moves this Honorable Court to enter into an order to vacate, set aside, or correct error of Judgement in the above styled case. And in support thereof, Plaintiff will state the following:

#1. Plaintiff asserts that this is a civil rights case filed under the 42 U.S.C. § 1983 by a State prisoner and he is the only plaintiff in said cause.

#2. Plaintiff asserts that on September 18th, 2024 this Court entered into an order directing him to file an Amended Complaint in holding that his original complaint was deficient in three ways because for one: his allegations against the Defendants Sergeant E. Hardin and Lieutenant J. Birdsong were unrelated claims, for two: he sues the Defendants in thier individual and official capacities and for three: simplying denying a grievance or failing to properly process a grievance without more does not render the Defendants C. Neel, A. Johns, L. Thompson, and A. McGregor liable for the underlying constitutional violations.

### ARGUMENT #1

~ Page. One ~

#3. In regards to the Defendants Lieutenant J. Birdsong and Sergeant E. Hardin, Plaintiff asserts that he did in fact set forth related claims against the Defendants J. Birdsong and E. Hardin because the Defendants J. Birdsong and E. Hardin were the ones who initiated the series of occurrences set forth in his complaint when they denied him medical attention, sprayed him with chemical agents and deprived him of his property for no justifiable reason.

#4. Plaintiff asserts that had the Defendants J. Birdsong and E. Hardin never initiated the two incidents on Feburary 08th, 2024 and Feburary 09th, 2024, then the incident with the Defendant C. Burnett would had never transpired on Feburary 10th, 2024, which means he would have never gotten sprayed again with chemical agents, would have never been placed in confinement, and would have never ended up being deprived of his meals by the Defendants D. Harcula and D. Robinson. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.");

#5. Plaintiff further asserts that as set forth in his complaint, the Defendant J. Birdsong denied him the oppertunity to be present at the disciplinary hearing that was held on Feburary 19th, 2024 and falsified documents by claiming that he had refused to attend the hearing, which once again proves that he did in fact set forth related claims against the Defendant J. Birdsong because the Defendant J. Birdsong refused to allow him to be present at the hearing out of retaliation for the grievances he had been filing about the incidents on Feburary 08th, 2024, Feburary 09th, 2024, and Feburary 10th, 2024. See O'Grady v. Village of Libertyville, 304 F.3d 719, 723 (7th Cir. 2002) ("A plaintiff is not required to set forth a legal theory to match the facts, so long as some legal theory can be sustained on the facts pleaded in the complaint.")

## ARGUMENT #II

#6. In regards to suing the Defendants in thier individual and official capacities, Plaintiff asserts that he intends to file an 'Amended Complaint' as directed by this Court and in the 'Amended Complaint', he intends to sue each defendant solely in thier individual capacities for thier individual conduct as set forth in the complaint.

~ Page Two ~

## ARGUMENT

#7. In regards to the Defendants C. Neel, A. Johns, L. Thompson, and A. McGregor, Plaintiff asserts that his complaint clearly shows that he has met the requirements to satisfy a deliberate indifference claim against the Defendants C. Neel, A. Johns, L. Thompson, and A. McGregor because he informed them via grievance that the Defendants set forth in the complaint were violating his rights as an inmate and they took no action to curve the unconstitutional acts that was occuring. See Young V. Quinlan, 960 F.2d 351, 363 (3d Cir. 1992) ("prison officials should, at a minimum, investigate each allegation of violence or threat of violence.") See also Hutchinson V. McCabee, 168 F.Supp. 2d 101, 103 (S.D.N.Y.) ("evidence would support finding that official should atleast have offered protection while investigating prisoner's account of threat.")

#8. Plaintiff further asserts that had the Defendants C. Neel, A. Johns, L. Thompson, and A. McGregor thoroughly investigated his grievances alleging staff abuse, then the Defendants set forth in the complaint would have never continued to threaten him, deny him of his meals, and sexually harass him. See Skinner V. Uphoff, 234 F.Supp. 2d 1208, 1214-15 (D. Wyo. 2002) ("failure to follow policy requiring investigation of violent incidents supported deliberate indifference finding.") See also Benner V. McAdory, 165 F.Supp. 2d 773, 778 (N.D. Ill. 2001) ("a systemic lapse in enforcement of a policy critical to ensuring prisoner safety could be sufficient to show deliberate indifference.")

## CONCLUSION

Wherefore, it is now prayed that this Honorable Court enter into an order to vacate, set aside, or correct error of judgement because Argument#1 and Argument#2 makes it clear that this court has errored as explained above in Argument#1 and Argument#2.

## CERTIFICATE OF OATH

I HEREBY CERTIFY, that the facts mentioned above is true and correct and made from my own personal knowledge under the penalties of perjury.

/S/ Shaquon Johnson #C07844

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing motion has been placed in the hands of prison officials for mailing to: United States District Court, 300 N. Hogan Street, Suite#9-150, Jacksonville, Florida 32202-4271 on this 03rd day of October 2024.

/S/ Shaquon Johnson #C07844
Shaquon Johnson-DC#C07844
Florida State Prison, P.O. Box 800
Raiford, Florida 32083

~ Page Three ~