UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAQUON RASHAWN JOHNSON,

    Plaintiff,

v.                                                 Case No. 3:24-cv-477-MMH-PDB

C. NEEL, et al.,

    Defendants.

## ORDER

    Plaintiff Shaquon Rashawn Johnson, an inmate of the Florida penal system, initiated this action on May 8, 2024, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) against fourteen Defendants based on various events that occurred between February 8 and March 18, 2024. Finding his Complaint deficient, the Court directed Johnson to submit an amended complaint. See Order to Amend (Doc. 8). In the Order to Amend, the Court highlighted the deficiencies in Johnson's Complaint and detailed for him how he could cure those deficiencies. See id. at 3–5. For instance, the Court advised him that he could not sue certain Defendants merely because they denied his grievance appeals and failed to report or process his grievances. See id. at 4–5 (citing Jones v. Eckloff, No. 2:12-cv-375-FTM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013); Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890,

895 (11th Cir. 2015)). Additionally, the Court explained the federal pleading standards and what Johnson must do to comply with those requirements, including supporting his claims with facts, not conclusions, and omitting unrelated claims. See id. at 2–4. With respect to the omission of unrelated claims, the Court instructed Johnson as follows:

> [T]he plaintiff attempts to bring unrelated claims. For example, he alleges defendants Sergeant Hardin and Lieutenant Birdsong denied him medical care and used excessive force between February 8 and 10, 2024. But he also alleges that defendant Sergeant Harcula denied him meals and assaulted him in retaliation for submitting unrelated grievances. The plaintiff must bring only related claims. He may not join unrelated claims unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." He may file a separate civil rights case for claims unrelated to the claims he pursues in this action.

Id.; see also Fed. R. Civ. P. 20(a)(2). The Court warned Johnson that "[f]ailure to comply with [the] [O]rder [to Amend] may result in dismissal of the action." Id. at 6.

Upon review of Johnson's Amended Complaint (Doc. 13), the Court finds that it largely suffers from the same deficiencies that the Court identified in its Order to Amend. Notably, in the Amended Complaint, Johnson names the same fourteen Defendants who were listed in the original Complaint; joins

multiple, unrelated claims; and again includes non-cognizable allegations regarding the denial of grievances.

Under Rule 41(b), Federal Rules of Civil Procedure (Rule(s)), a district court has discretion to dismiss a plaintiff's action for his failure to comply with court rules or a court order. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, when a pro se plaintiff fails to comply with a court's order or rules, the court may sua sponte dismiss a case under Rule 41(b). See Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015)[1] (per curiam) (holding the district court did not abuse its discretion by dismissing the case without prejudice for the pro se plaintiff's noncompliance with the court's instructions to file a proper complaint); Duong Thanh Ho v. Costello, 757 F. App'x 912,

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

914–15 (11th Cir. 2018) (per curiam) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend).

Specifically, a district court may properly dismiss an action if a pro se plaintiff does not comply with an order directing him to specify why or how joinder of claims is permissible under Rule 20. Foudy v. Indian River Cnty. Sheriff's Off., 845 F.3d 1117, 1125–26 (11th Cir. 2017) (explaining the plaintiffs filed "substantially similar complaints" after the district court "clearly instructed" them to "explain their grounds for joinder"). Multiple claims against different defendants "arising out of different events [that] occur[ed] on different dates" may not be joined under Rule 20 if a plaintiff alleges only a conclusory, superficial similarity between the events. See Smith v. Owens, 625 F. App'x 924, 928–29 (11th Cir. 2015) (per curiam).

Upon review, Johnson's Amended Complaint is due to be dismissed for his failure to comply with the Court's Order to Amend and the federal pleading standards. The Court outlined for Johnson the deficiencies in his original Complaint and instructed him on how to cure those deficiencies. See Order to Amend. Johnson failed to comply with the Court's instructions. Indeed, the original Complaint and the Amended Complaint are nearly identical insofar as the claims Johnson seeks to pursue against each of the fourteen Defendants. The only substantive difference between the original Complaint and the

Amended Complaint appears to be that Johnson no longer sues the Defendants in their official capacities. But, Johnson still presents the same claims as before, including those that are not cognizable and those the Court expressly warned him against joining in one action as the claims are unrelated.[2]

Here, Defendants would be "hard-pressed to understand 'the grounds upon which each claim [against him] rests,'" see Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021), and the Court will not expend scarce judicial resources scouring through the Amended Complaint to separate logically related, cognizable claims from those that are not, id. at 1328 (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff."). Given the record in this action, Johnson's failure to comply with the Court's Order to Amend justifies dismissal without prejudice under Rule 41(b) subject to Johnson's right to initiate a new action if he wants to pursue any plausible, cognizable claims in separate actions or in a single action if those claims can properly be joined in one action.

---

[2] After the Court directed Johnson to amend his Complaint, see Order to Amend, Johnson filed a "Motion to Vacate, Set Aside or Correct Error of Judgement" (Motion to Vacate; Doc. 9), challenging the Court's Order to Amend. On December 26, 2024, Johnson filed his Amended Complaint, and on February 5, 2025, the Court denied his Motion to Vacate. Despite the Court's ruling, as of the date of this Order, Johnson has failed to bring his Amended Complaint in compliance with the Court's Order to Amend.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of March, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/21
c: Shaquon Rashawn Johnson, #C07844

6